IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Antonio D. Bordeaux,<br><br>    Petitioner,<br><br>v.<br><br>Joseph McFadden, *Warden*,<br><br>    Respondent. | Civil Action No.:2:15-cv-00506-RBH-MGB<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

  The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 20; *see also* Dkt. No. 21.)

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

  The Petitioner brought the instant habeas action on January 29, 2015. (*See* Dkt. No. 1 at 15 of 15; *see also* Dkt. No. 1-1.) On August 24, 2015, Respondent filed a Motion for Summary Judgment. (Dkt. No. 20; *see also* Dkt. No. 21.) By order filed August 25, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 22.) Petitioner filed a Response in Opposition to the Motion for Summary Judgment on or about November 9, 2015. (Dkt. No. 29.)

**PROCEDURAL HISTORY**

  The Petitioner is currently confined at Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In May of 2004, the Beaufort County Grand Jury indicted Petitioner on two counts of burglary first degree and two counts of armed robbery. (*See* R. at 148, 151, 154, 157.) Petitioner was represented by Anthony Dore, Esquire. (*See* Dkt. No. 21-1 at 3 of 196.) On October 19, 2005, Petitioner pled guilty as charged before the Honorable Perry M. Buckner.

1

(*See* R. at 1-54.) On October 19, 2005, Judge Buckner sentenced Petitioner to twenty-four years on each of the convictions for armed robbery; on the convictions for burglary first degree, Judge Buckner sentenced Petitioner to twenty-five years, provided that upon service of twenty years the balance is suspended and Petitioner be placed on probation for a period of three years. (R. at 51.) Judge Buckner stated that all of the sentences were to run concurrently. (*See* R. at 52.)

Petitioner attempted to file a direct appeal, but on May 23, 2006, the South Carolina Court of Appeals dismissed the appeal. (*See* Dkt. No. 21-2.) That order stated, *inter alia*,

> The Notice of Appeal was not filed in the above matter due to the failure of Appellant to provide a motion to file out of time with the Court and to order the transcript out of time, as provided for in Rule 203 and 207 of the South Carolina Appellate Court Rules, and as requested by letter from this office dated April 17, 2006 and May 8, 2006.

(Dkt. No. 21-2.) The remittitur was issued on June 12, 2006. (Dkt. No. 21-3.)

On September 29, 2006, Petitioner filed an application for post-conviction relief ("PCR"). (R. at 55-63.) The following questions and answers appeared in his PCR application:

> 10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:
>
>> (a) Ineffective assistance of counsel.
>>
>> (b) Guilty plea was not knowing, voluntary and intelligent.
>
> 11. State concisely and in the same order the facts which support each of the grounds set out in (10):
>
>> (a) Counsel was ineffective and Applicant was prejudiced through counsel's failure to file a Notice of Appeal on Applicant's behalf after Applicant requested that an appeal be filed.
>>
>> Counsel was ineffective and Applicant was prejudiced through counsel's failure to object to the sentence in this matter as being barred by the Eighth Amendment to the United States Constitution and Article I, § 15 of the South Carolina Constitution regarding the infliction of cruel and unusual punishment.
>>
>> Counsel was further ineffective and Applicant was prejudiced through counsel's failure to investigate the case and prepare a defense on

2

> behalf of Applicant and through counsel's failure to advise Applicant of the relevant law as it applied to the facts of Applicant's case. Has [sic] Applicant been properly advised on the facts of the case and how the relevant law applied to those facts Applicant would not have pleaded guilty and would have insisted on going to trial.
>
> (b) Guilty pleas were not knowing, voluntary and intelligent as required by law in that during the plea process counsel was ineffective and Applicant was prejudiced by that ineffectiveness. Applicant did not have the requisite level of knowledge of the facts and law and how the law applied to Applicant's case to make a knowing, voluntary and intelligent decision on how best to proceed.
>
> Furthermore, Applicant was not advised, prior to entering the guilty pleas, of all the constitutional rights he would be waiving by entering guilty pleas to the charges against him.

(R. at 57, 62.) Petitioner filed an "Amendment to Application for Post-Conviction Relief" on January 26, 2007. (*See* R. at 73-78.) In this filing, Petitioner stated that he amended his PCR application to include the following grounds for relief:

> a) Counsel was constitutionally ineffective and Applicant was prejudiced through counsel's failure to timely file a notice of appeal after Applicant requested an appeal. After Applicant discovered that counsel had in fact not filed for an appeal on his behalf Applicant attempted to file a notice of appeal himself. Because of Applicant's unfamiliarity with the court rules and procedures the appeal was ultimately dismissed on procedural grounds out of Applicant's control.
>
> . . .
>
> b) Counsel was constitutionally ineffective and Applicant was prejudiced through counsel's failure to object to the sentence imposed through counsel's failure to object to the sentence imposed as being in violation of both the state and federal constitution. . . .

(R. at 73-74.)

On April 18, 2008, an evidentiary hearing was held before Judge Michael G. Nettles. (R. at 79-122.) Petitioner was present and elected to proceed *pro se*. (*See* R. at 79; 83-85.) In a written order dated May 13, 2008, Judge Nettles concluded that Petitioner had not met his burden to show that counsel was ineffective pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). (*See* R. at 124-29.) However, Judge Nettles granted the application for post-conviction relief as to Petitioner's

burglary convictions; Judge Nettles stated, *inter alia*, "This Court finds that the sentencing sheets take precedent over the plea transcript because a sentencing sheet is essentially a contract between the applicant, the applicant's trial counsel, and the court." (R. at 128; *see also* R. at 127-29.) Both parties filed a Motion to Alter or Amend; Judge Nettles denied those motions on October 3, 2008. (*See* R. at 130-42, 146.)

The State filed a petition for a writ of certiorari in the South Carolina Supreme Court on March 24, 2009. (*See* Dkt. No. 21-4.) In that petition, the State raised the following issue:

> Did the PCR court err in finding that Respondent's two sentences for burglary were illegal when he pled guilty to burglary–1st degree but his sentencing sheets read "burglary–2nd degree" due to a scrivener's error?

(Dkt. No. 21-4 at 3 of 10.) In an Order dated September 16, 2010, the South Carolina Court of Appeals granted the petition for writ of certiorari and directed the parties to address the following question:

> In light of the South Carolina Supreme Court's recent decision in Boan v. State, 388 S.C. 272, 695 S.E.2d 850 (2010), did the PCR court err in finding Respondent's sentences for burglary were illegal when the plea transcript indicates he pled guilty to two counts of first-degree burglary, but his sentencing sheets state he pled guilty to two counts of second-degree burglary?

(Dkt. No. 21-6 at 1-2.)

In an unpublished opinion filed on May 9, 2012, the South Carolina Court of Appeals reversed and remanded for additional proceedings. *See Bordeaux v. State*, No. 2012-UP-284, 2012 WL 10841809 (S.C. Ct. App. May 9, 2012).[1]

On August 24, 2012, the State filed a petition for writ of certiorari in the Supreme Court of South Carolina. (*See* Dkt. No. 21-7.) Therein, the State presented the following question:

> Did the Court of Appeals err by remanding this case for discretionary clarification as to the offenses to which Respondent pled guilty when the plea transcript is patently clear Respondent pled guilty to first-degree burglary?

---

[1]As detailed below, the South Carolina Court of Appeals' opinion was later reversed and remanded. *See Bordeaux v. State*, 410 S.C. 495, 765 S.E.2d 143 (2014).

(Dkt. No. 21-7 at 3 of 9.) On April 2, 2014, the Supreme Court of South Carolina granted the petition for writ of certiorari; that order stated that the "parties shall proceed to serve and file the appendix and briefs as provided by Rule 242(i), SCACR." (Dkt. No. 21-9.)

On October 29, 2014, the South Carolina Supreme Court issued its opinion affirming in part and reversing in part the decision of the South Carolina Court of Appeals. *See Bordeaux v. State*, 410 S.C. 495, 765 S.E.2d 143 (2014). The South Carolina Supreme Court stated, *inter alia*,

> We granted certiorari in this post-conviction relief (PCR) action to review the Court of Appeals' decision, which remanded for a determination of the lawfulness of Antonio Bordeaux's sentence. *Bordeaux v. State*, Op. No. 2012–UP–284, 2012 WL 10841809 (S.C. Ct. App. filed May 9, 2012). The State argues the Court of Appeals erred because the unambiguous plea colloquy and imposition of sentence control over the ambiguous written sentence. We agree. It is clear Bordeaux pleaded guilty to *first* degree burglary, was sentenced within the legal limits for that crime, and in consonance with his negotiated plea agreement.
>
> . . .
>
> [W]e affirm in part the Court of Appeals' decision as we agree the PCR judge committed an error of law in ruling the ambiguous sentencing sheets took precedence over the unambiguous plea transcript. However, we reverse the Court of Appeals' decision to remand because we find as a matter of law that Bordeaux pleaded guilty to two counts of first degree burglary and was properly sentenced to twenty-five years' imprisonment pursuant to his negotiated plea agreement.

*Bordeaux*, 410 S.C. at 497, 501, 765 S.E.2d at 144, 146 (emphasis in original). The matter was remitted to the lower court on November 14, 2014. (Dkt. No. 21-13.)

Petitioner then filed the instant habeas petition, wherein he raised the following ground for review (verbatim):

> **GROUND ONE**: Petitioner's sentences for burglary were illegal when the plea transcript indicates he pled guilty to two counts of first-degree burglary, but the sentencing sheets signed by Petitioner reflect a guilty plea to two counts of second-degree burglary.
> **Supporting facts**: Petitioner believed he was entering a plea to second degree burglary as indicated on the sentencing sheet the parties executed. The plea court sentenced Petitioner in excess of the statutory maximum of second degree burglary. Following the granting of a new trial at PCR the State appealed. The Court of Appeals

>  Reversed and Remanded based on the oral pronouncement outweighing the written record. The S.C. Supreme Court denied the writ of certiorari.

(Dkt. No. 1 at 5 of 15.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" *Id.* (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

6

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## **DISCUSSION**

As noted above, Respondent seeks summary judgment in the instant case. (Dkt. No. 20; *see also* Dkt. No. 21.) For the reasons set forth herein, the undersigned recommends granting Respondent's motion.

Respondent contends that Petitioner's sole ground for relief is not cognizable in the instant action. (*See* Dkt. No. 21 at 15.) Respondent states,

> Petitioner's one ground presented lacks any reference to federal law. (ECF #1, p. 6). The claim is essentially one that his sentencing sheets altered the charge in his voluntary plea. The claim rests purely on state law as to the binding sentence, thus, is not cognizable here.

(*Id*.) The undersigned agrees.

"'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). As the Supreme Court stated in *Estelle*,

> [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Id*. at 67-68; *see also* 28 U.S.C. § 2254(a). Simply stated, state law issues are not cognizable in a federal habeas corpus proceeding. *See Bryant v. Cartledge*, No. 3:09–3234–CMC–JRM, 2010 WL

5588790, at *9 (D.S.C. Oct. 10, 2010), adopted at 2011 WL 145328 (D.S.C. Jan. 18, 2011) ("The South Carolina Supreme Court is the final arbiter of the law of South Carolina. Its determination of what the law of South Carolina means is final and cannot be reviewed by the federal courts unless the interpretation by the South Carolina Supreme Court implicates, and is in conflict with, an identified right protected by the United States Constitution."); *Monahan v. Burtt*, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *7 (D.S.C. Sept. 27, 2006) ("Reliance on a state statute, and the state constitution, as a basis for relief simply fails to present a question of federal law. To the extent the petitioner relies solely on state law, he has failed to present a matter cognizable under 28 U.S.C. § 2254."); *see also Smith v. Moore*, 137 F.3d 808, 821-22 (4th Cir. 1998) (refusing to entertain the habeas petitioner's contention that a jury instruction misstated South Carolina law).

In *Bordeaux v. State*, 410 S.C. 495, 765 S.E.2d 143 (2014), the South Carolina Supreme Court cited to the state decision of *Boan v. State*, 388 S.C. 272, 695 S.E.2d 850 (2010), as support for the following proposition:

> An unambiguous sentencing pronouncement will control over an ambiguous sentence, whether oral or written, so long as giving effect to that pronouncement does not result in an illegal sentence or a deprivation of a defendant's constitutional rights.

*Bordeaux*, 410 S.C. at 500, 765 S.E.2d at 145 (citing *Boan*, 388 S.C. at 277, 695 S.E.2d at 852). The Supreme Court of South Carolina further stated,

> Here, Bordeaux's oral sentencing pronouncement was subject to only one interpretation as it is clear Bordeaux pled guilty to two counts of *first* degree burglary, and he was sentenced in consonance with his negotiated plea agreement. As stated, Bordeaux acknowledged on seven occasions that he was pleading guilty to two counts of *first* degree burglary. Further, Bordeaux twice acknowledged that he was being sentenced pursuant to a negotiated agreement, which included pleading guilty to two counts of *first* degree burglary. Moreover, the trial judge reminded Bordeaux that he was being sentenced for pleading guilty to two counts of *first* degree burglary. Thus, we find the oral sentencing pronouncement unambiguous as it is susceptible of only one interpretation. *Cf. Tant*, 408 S.C. at 344–45, 759 S.E.2d at 403–04.
>
> On the other hand, the written sentences were subject to multiple interpretations as it is not clear whether Bordeaux pleaded guilty to first or second degree burglary. For

8

> example, the sentencing sheets indicated Bordeaux was being sentenced for "Burglary 2nd degree," included the attendant CDR Code for that crime, and referenced the *second* degree burglary statute. Yet, the sentencing sheets also indicated that he was being sentenced "as indicted," and Bordeaux's indictments referenced only *first* degree burglary. Moreover, one sentencing sheet had a sentence of fifteen years crossed out and replaced with the twenty-five year sentence. If Bordeaux had in fact pleaded guilty to second degree burglary as the sentencing sheets suggested, his sentence of twenty-five years would have exceeded the fifteen year maximum for that crime. *See* § 16–11–312(C)(2). Therefore, we find the written sentencing pronouncements are ambiguous as they are susceptible of differing interpretations. *See Tant*, 408 S.C. at 344–45, 759 S.E.2d at 403–04.

*Bordeaux*, 410 S.C. at 500-01, 765 S.E.2d at 145-46 (emphasis in original).

In Bordeaux's case, the South Carolina Supreme Court determined that "Bordeaux pleaded guilty to two counts of first degree burglary and was properly sentenced to twenty-five years' imprisonment pursuant to his negotiated plea agreement." *Id*. at 501, 765 S.E.2d at 146 (citing *Talley v. State*, 371 S.C. 535, 545, 640 S.E.2d 878, 883 (2007)). To the extent Petitioner seeks habeas relief by contending his "sentences for burglary were illegal," the undersigned concludes that such a claim is not cognizable herein, as Petitioner essentially contends his sentence violates state law. *See Estelle*, 502 U.S. at 67; *see also Oliver v. McNeil*, Civ. A. No. 08-21465-CIV, 2009 WL 1149289, at *5 (S.D. Fla. Apr. 29, 2009) ("Oliver asserts that the trial court failed to correctly apply Florida crediting statutes and/or caselaw, thereby, depriving him of credits towards his sentence for which he is entitled. As correctly argued by the respondent, such a claim is not reviewable in this federal habeas corpus proceeding."); *Grove v. Sec'y*, Civ. A. No. 8:08-cv-1673-T-17MAP, 2009 WL 179626, at *7 (M.D. Fla. Jan. 26, 2009) ("Whether the state court's written sentence comports with the oral pronouncement under Florida law is a matter within the province of the state courts. Federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures.").

In his Response in Opposition, however, Petitioner contends that the South Carolina Supreme Court's ruling is contrary to clearly established federal law; Petitioner states,

9

> The Supreme Court [of South Carolina] granted the State's petition for writ of certiorari and contrary to clearly established federal law, applied *Boan v. State*, 695 S.E.2d 850 (S.C. 2010) and *Tant v. S.C. Dep't of Corr*, 759 S.E.2d 398 (S.C. 2014) to nullify the contract principles of a plea agreement where the state, or agents thereof, altered Petitioner's very unambiguous offense of burglary-second degree and corresponding CDR Code 86. . . .

(Dkt. No. 29 at 13.) Petitioner cites the United States Supreme Court's decision in *Santobello v. New York*, 404 U.S. 257 (1971), in support of his argument. (*See* Dkt. No. 29 at 12-13.)[2] In *Santobello*, the Supreme Court addressed "whether the State's failure to keep a commitment concerning the sentence recommendation on a guilty plea required a new trial." *Santobello*, 404 U.S. at 257-58. During plea negotiations in that case, the prosecutor agreed not to make a recommendation as to sentence, but at the sentencing hearing, the new prosecutor recommended the maximum sentence. *Id*. at 258-59. The prosecution "conceded that the promise to abstain from a recommendation was made," and the Supreme Court concluded that even if the breach of that promise was inadvertent, such inadvertency "does not lessen its impact." *Id*. at 262. The Court stated,

> [W]e conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration. The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case

---

[2]Petitioner also contends that he is entitled to an evidentiary hearing on the instant petition. (*See* Dkt. No. 29 at 6-7 of 16.) Petitioner states,

> A traverse is required here, not where the claims are raised for the first time, but when Respondent's Return is misleading, vague, and otherwise necessitates a reply. The traverse here is designed not with an eye toward having the Magistrate grant the writ; but to order an evidentiary hearing to develop the record with facts omitted from the record or state court proceedings and thereupon make a recommendation towards granting the writ.

(*Id*. at 6-7.)

Before a court may dispose of grounds for relief in a § 2254 petition that survive dismissal, it must "determine whether an evidentiary hearing is warranted." 28 U.S.C. § 2254, Rules Governing Section 2254 Cases, Rule 8(a). "Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding." *Townsend v. Sain*, 372 U.S. 293, 312–13 (1963), *overruled on other grounds, Keeney v. Tamayo–Reyes*, 504 U.S. 1, 5–6 (1992); *see also* 28 U.S.C. § 2254(d); 28 U.S.C. § 2254(e)(2). In the instant case, Petitioner received a full and fair evidentiary hearing in state court, and the state court ruled on his claim of an illegal sentence. Furthermore, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Petitioner is therefore not entitled to an evidentiary hearing.

10

> require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw his plea of guilty. We emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not on the sentencing judge.

*Id.* at 262-63.

Contrary to Petitioner's assertions, the undersigned finds no violation of clearly established federal law. The Supreme Court of South Carolina found that Petitioner "pleaded guilty to two counts of first-degree burglary and was properly sentenced to twenty-five years' imprisonment pursuant to his negotiated plea agreement." *Bordeaux*, 410 S.C. at 501, 765 S.E.2d at 146. As noted by the Supreme Court of South Carolina, Petitioner's plea colloquy unmistakably indicates that Petitioner pled guilty to two counts of first-degree burglary. *Id.* at 500, 765 S.E.2d at 145-46. Indeed, when considering that Petitioner's co-defendant pled guilty to s*econd*-degree burglary at the same time that Petitioner pled guilty to *first*-degree burglary, the plea judge was very careful to repeatedly note the difference. (*See* Dkt. No. 21-1 at 3-55 of 196.) Although the colloquy is replete with references and Petitioner's acknowledgments that he was pleading guilty to first-degree burglary, the following exchange is particularly relevant:

> THE COURT: All right, Mr. Bordeaux. You heard the Solicitor tell me and it was confirmed by your attorney, Mr. Dore, at the outset of this hearing that there had been negotiations in regards to your plea. Those negotiations were published to me as a cap or maximum of twenty-five years on your plea. Sentences to run concurrent. Do you understand that?
>
> BORDEAUX: Yes, sir.
>
> THE COURT: Do you understand because you are pleading guilty to burglary first degree your sentence cannot be less than fifteen years and on the Armed Robbery, your sentence cannot be less than ten years? Do you understand that?
>
> BORDEAUX: Yes, sir.
>
> THE COURT: I ask you now. Is that your understanding of any and all negotiations which have taken place in regards to your plea?

>BORDEAUX: Yes, sir.
>
>THE COURT: Has anybody promised you anything in order to try to get you to plead guilty?
>
>BORDEAUX: No, sir.

(Dkt. No. 21-1 at 33-34 of 196.) When the plea judge asked Petitioner whether he was "in fact guilty of the offense of Burglary in the first degree in Beaufort County on or about April the seventeenth, 2004, and April sixteenth, 2004," Petitioner responded, "Yes, sir." (*Id.* at 36-37 of 196.)

In light of the foregoing, the undersigned concludes that Petitioner is not entitled to habeas relief. The state court's conclusion that Petitioner pled and was sentenced pursuant to a negotiated plea agreement is not contrary to, nor an unreasonable application of, clearly established federal law, nor did it result in an unreasonable determination of the facts. The case *sub judice* is clearly distinguishable from *Santobello* because in the case *sub judice*, the state court found there was no breach of any promise made to Petitioner.[3] Such a finding has ample support in the state court record. The undersigned therefore recommends granting Respondent's Motion for Summary Judgment. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); *see also Fisher v. Lee*, 215 F.3d 438, 446 (4th Cir. 2000) ("Fisher has not shown that the state court findings are unreasonable, unsupported, or otherwise erroneous. Indeed, they are supported by competent evidence.").

---

[3] The undersigned further notes that in *United States v. Morse*, 344 F.2d 27 (4th Cir. 1965), the Fourth Circuit stated, "To the extent of any conflict between [a] written order and [an] oral sentence, the latter is controlling." *Morse*, 344 F.2d at 29 n.1 (citations omitted).

12

## **CONCLUSION**

It is RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 20) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that a certificate of appealability be denied.[4]

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

January 22, 2016
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[4]Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).