UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Antonio D. Bordeaux, | ) | Civil Action No.: 2:15-cv-00506-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Joseph McFadden, Warden; | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Antonio D. Bordeaux, a state prisoner proceeding *pro se*, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* [ECF No. 1]. Pending before the Court is Respondent's motion for summary judgment [ECF No. 20] pursuant to Rule 56 of the Federal Rules of Civil Procedure. This matter is before the Court with the Report and Recommendation (R & R) of United States Magistrate Judge Mary Gordon Baker.[1] *See* [ECF No. 30]. The Magistrate Judge recommended granting the Respondent's motion for summary judgment and dismissing Petitioner's petition. For the reasons stated below, the Court adopts the Magistrate Judge's R & R, grants Respondent's motion for summary judgment, and dismisses Petitioner's § 2254 petition with prejudice.

**Factual and Procedural History**

This matter arises from the criminal conviction and sentence of Petitioner, Antonio D. Bordeaux, for two counts of armed robbery and two counts of first degree burglary. On October 19, 2005, Petitioner pled guilty and was sentenced to twenty-four years on each of the convictions for armed robbery and twenty-five years for each of the convictions for first degree burglary, with the

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

sentences to run concurrently. The sentencing judge also ordered that upon service of twenty years imprisonment, the balance of Petitioner's sentences would be suspended and he would be placed on probation for a period of three years.

The plea colloquy established that Petitioner was pleading guilty to first degree burglary as opposed to second degree burglary. The sentencing sheets, however, indicated that Petitioner pled guilty to "Burglary 2nd Degree," included the CDR Code for second degree burglary, and referenced S.C. Code Ann. § 16-11-312, the second degree burglary statute. The sentencing sheets also reflected that Petitioner had been sentenced to twenty-five years imprisonment, which is above the maximum allowed sentence for second degree burglary, but below the statutory maximum sentence for first degree burglary.

Petitioner's direct appeal was dismissed and the remittitur was issued on June 12, 2006. On September 29, 2006, Petitioner filed an application for post-conviction relief ("PCR") raising various issues of ineffective assistance of counsel and that his guilty plea was not knowing and voluntary. On April 18, 2008, an evidentiary hearing was held on Petitioner's PCR application.

In a written order dated May 13, 2008, Judge Nettles concluded that Petitioner had failed to establish that his counsel was ineffective under *Strickland v. Washington*, 466 U.S. 688 (1984). However, due to the conflict between the plea transcript and the sentencing sheets as to whether Petitioner pled guilty to first degree or second degree burglary, Judge Nettles granted the application for post-conviction relief as to Petitioner's burglary convictions stating that "the sentencing sheets take precedent over the plea transcript because a sentencing sheet is essentially a contract between the applicant, the applicant's trial counsel, and the court."

The State appealed arguing that the PCR court erred in finding that Petitioner's burglary

sentences were illegal when the plea transcript established that Petitioner pled guilty to two counts of first degree burglary but the sentencing sheets state Petitioner pled guilty to two counts of second degree burglary. In an unpublished opinion filed on May 9, 2012, the South Carolina Court of Appeals reversed the PCR court and remanded "for clarification as to the offenses to which [Petitioner] pled guilty." *Bordeaux v. States*, No. 2012-UP-284, 2012 WL 10841809, at *1 (S.C. Ct. App. May 9, 2012).

The State filed a petition for a writ of certiorari to the South Carolina Supreme Court questioning whether the Court of Appeals erred by remanding the case when the plea transcript is patently clear that Respondent pled guilty to first degree burglary. On October 29, 2014, the South Carolina Supreme Court issued a published opinion affirming in part and reversing in part the decision of the South Carolina Court of Appeals. *See Bordeaux v. State*, 765 S.E.2d 143 (S.C. 2014). Specifically, the S.C. Supreme Court held that an unambiguous oral sentencing pronouncement took precedence over ambiguous sentencing sheets in a prosecution for burglary in the first degree, where the oral sentence was subject to only one interpretation and it was clear from the plea transcript that defendant pled guilty to two counts of burglary in the first degree. *Bordeaux*, 765 S.E.2d at 145-46. Accordingly, the S.C. Supreme Court found, as a matter of law, that Petitioner pled guilty to two counts of first degree burglary and was properly sentenced to twenty-five years imprisonment pursuant to his negotiated plea agreement. *Id*. at 146.

Petitioner then filed the current habeas petition arguing that his burglary sentences were illegal because the plea transcript indicates he pled guilty to two counts of first degree burglary but the sentencing sheets signed by Petitioner reflect a guilty plea to two counts of second degree burglary. Respondent filed a return and motion for summary judgment on August 24, 2015. On

3

January 22, 2016, the Magistrate Judge issued an R&R recommending that Respondent's motion for summary judgment be granted and Petitioner's petition dismissed with prejudice. Petitioner filed objections to the R&R on March 11, 2016.

## Legal Standards of Review

**I.     Review of the Magistrate Judge's Report & Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*

**II.    Summary Judgment Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.*  However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

### III.     Federal Habeas Review under 28 U.S.C. § 2254

Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, in considering Petitioner's ineffective assistance of counsel claim, the Court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d). *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998).   Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (explaining federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding").

### Discussion

Petitioner's sole ground in this habeas petition is that his twenty-five year sentences for first degree burglary are illegal where the plea transcript indicated a guilty plea to first degree burglary, but the sentencing sheets signed by Petitioner indicated a guilty plea to second degree burglary and a twenty-five year sentence. Respondent argues that Petitioner's claim is solely based on state law and is, therefore, not cognizable in a § 2254 action. The Magistrate Judge agreed and recommended that Respondent's motion for summary judgment be granted and Petitioner's petition be dismissed.

Petitioner filed objections arguing that his claim was based on the clearly established federal law of *Santobello v. New York*, 404 U.S. 257 (1971) (holding that where the State failed to keep a commitment concerning a sentence recommendation on a guilty plea, the case should be remanded to state courts to decide whether circumstances of the case required only that there be specific performance of the agreement on the guilty plea, or whether circumstances required that petitioner be granted the opportunity to withdraw his plea of guilty). *Santobello*, however, is distinguishable from the present case in that here there is no allegation that the State failed to keep a commitment or promise concerning Petitioner's guilty plea. Petitioner bases his entitlement to relief on nothing more than a scrivener's error on his sentencing sheets. In Petitioner's case, the State did not agree to allow Petitioner to plead guilty to second degree burglary. Petitioner's guilty plea was the result of a bargain with the State wherein the State "agreed to a dismissal of the murder charge and a cap of twenty-five years of imprisonment in exchange for Bordeaux's plea of guilty to two counts of first-degree burglary and two counts of armed robbery." *Bordeaux v. State*, No. 2012-UP-284, 2012

WL 108441809, at *1 (S.C. Ct. App. May 9, 2012).  There is no evidence in the record that the State failed to fulfill its commitment with regard to Petitioner's guilty plea. As such, Petitioner cannot rely on *Santobello* as a basis for habeas corpus relief.

Petitioner's claim that his first degree burglary sentences are illegal is based solely on an interpretation of state law concerning state court sentencing procedures and is not cognizable in a federal habeas petition.  Title 28 U.S.C. § 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*." 28 U.S.C. § 2254(a).  State law claims, therefore, are not cognizable. In this case, Petitioner challenges the South Carolina Supreme Court's decision that, as a matter of law, Petitioner pled guilty to two counts of first degree burglary and was properly sentenced to twenty-fives years imprisonment pursuant to a negotiated plea agreement because an unambiguous plea transcript controls over ambiguous sentencing sheets. *Bordeaux*, 765 S.E.2d at 146.  Petitioner has failed to establish, however, that he is in custody in violation of the Constitution or laws or treaties of the United States. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("federal courts can not review a state's alleged failure to adhere to its own sentencing procedures"); *Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977) (same); *Grove v. Sec'y*, No. 8:08–cv–1673–T–17 MAP, 2009 WL 179626, at *7 (M.D. Fla. Jan. 26, 2009) (stating "[w]hether the state court's written sentence comports with the oral pronouncement under Florida law is a matter within the province of the state courts").

Petitioner's plea transcript is clear and unambiguous.  Petitioner acknowledged on the record

several times that he was pleading guilty to two counts of first degree burglary. Petitioner further acknowledged that he was pleading guilty to two counts of first degree burglary pursuant to a negotiated plea agreement that involved the dismissal of a murder charge and a cap of twenty-five years imprisonment. On the record before the Court, Petitioner cannot establish that his plea was not knowing and voluntary or that the State breached any promise or commitment with respect to the negotiated plea. The South Carolina Supreme Court's finding that Petitioner pled guilty to two counts of first degree burglary and was properly sentenced to twenty-five years imprisonment was not contrary to, or an unreasonable application of, clearly established federal law, nor was it an unreasonable determination of the facts in light of the evidence presented.

For the foregoing reasons, Respondent is entitled to summary judgment and Petitioner's petition dismissed.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**Conclusion**

After reviewing the entire record, and for the reasons stated above and by the Magistrate Judge in the Report and Recommendation, the Court overrules Petitioner's objections [ECF No. 38] and adopts and incorporates by reference the Report and Recommendation [ECF No. 30] of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment [ECF No. 20] is **GRANTED**, and Petitioner's habeas petition [ECF No. 1] is **DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

March 28, 2016                                           s/ R. Bryan Harwell
Florence, South Carolina                                 R. Bryan Harwell
                                                         United States District Judge